DEBORAH R. MASSIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Massie v. Commissioner
Docket No. 10918-92
United States Tax Court
T.C. Memo 1995-173; 1995 Tax Ct. Memo LEXIS 167; 69 T.C.M. (CCH) 2417; April 17, 1995, Filed *167 An order granting respondent's motion to dismiss for lack of jurisdiction will be entered. Deborah R. Massie, pro se. For respondent: Karen Nicholson Sommers. DAWSON, PANUTHOS
DAWSON; PANUTHOS
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Year
Deficiency
1987
$ 138,728
1988
7,382
Additions to Tax Year
Year
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)
Sec. 6653(a)(1)(B)
Sec. 6661
1987
$ 6,936
--
50% of interest
$ 34,697
due on $ 138,728
1988
--
$ 687
1,846
*168 At the time of filing the petition, petitioner resided in San Diego, California. This case comes before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed as required by section 6213. Respondent claims that the notice of deficiency was mailed on August 30, 1991, by certified mail to petitioner's "last known address", 12241 Avenida Consentido, San Diego, California 92128. Assuming the notice of deficiency was properly mailed on August 30, 1991, the last date for filing a timely petition was Friday, November 29, 1991. [2]
Petitioner filed her petition on May 22, 1992. Attached to the petition is a copy of an undated notice of deficiency that is stamped "FILE COPY". Petitioner does not contest that her "last known address" was 12241 Avenida Consentido, San Diego, California 92128. Petitioner contends, *169 however, that the notice of deficiency was not mailed on August 30, 1991, but rather on March 17, 1992. [3] Thus, she claims that the petition filed on May 22, 1992, was timely. Background
At trial, respondent presented a witness and documentary evidence as to the procedure in respondent's Laguna Niguel District Office for mailing a notice of deficiency. A discussion of the procedure follows. Once a decision is made to issue a notice of deficiency with respect to a particular taxpayer, the notice of deficiency is processed by the 90-Day Suspense Unit, which is responsible for mailing the notice. Employees within the 90-Day Suspense Unit review the notice of deficiency, verifying the taxpayer's name, address, Social Security number, and tax years. *170 After a review of the taxpayer's information, an article number, also referred to as a certified mail number, obtained from the Laguna Niguel Post Office, is assigned to each notice of deficiency. The article number and corresponding taxpayer information are entered into a computer. A computer-generated certified mail list is printed, using the article number to index each notice of deficiency to be mailed to the taxpayer. The notice of deficiency is placed inside an envelope bearing the same article number as that corresponding to the taxpayer on the certified mail list. The envelope containing the notice of deficiency is forwarded together with the corresponding certified mail list to the mail room of respondent's Laguna Niguel District Office. A copy of the certified mail list is retained in the 90-Day Suspense Unit. Mail room employees verify that the certified mail list is bundled together with corresponding envelopes containing the notices of deficiency. The bundles are picked up from the mail room by an independent courier and delivered to the Laguna Niguel Post Office. A U.S. Postal Service employee stamps the certified mail list, and the list is returned to respondent's *171 Laguna Niguel District Office, where it is filed according to the date of mailing. The certified mail list with respect to the notice of deficiency in issue is dated August 30, 1991. Listed thereon are three article numbers and three corresponding taxpayers, their addresses, tax identification numbers, and tax years. The three taxpayers are Massie & O'Brien; Deborah R. Massie, a Professional Corporation; and Deborah R. Massie. [4] The article number corresponding to the notice of deficiency issued to Deborah R. Massie for the tax years 1987 and 1988 is number 429607. At the bottom of the certified mail list are columns stating "Total No. of Pieces Requested by Sender", "Total Number of Pieces Received at Post Office", and "Postmaster and Date". A computer-printed number 3 indicates the "Total No. of Pieces Requested by Sender", but there is no information directly corresponding to the other columns. The number 3 is circled in ink, and there are initials of an employee of respondent's Laguna Niguel District Office, handwritten in the same color ink, next to the circle. There is what appears to be a Laguna Niguel Post Office stamp on the bottom right-hand corner of the certified *172 mailing list indicating the date August 30, 1991. Near the stamp are some handwritten initials belonging to an employee of respondent's Laguna Niguel District Office. What appears to be the original notice of deficiency, date-stamped August 30, 1991, and attached envelope were contained in respondent's administrative files and admitted into evidence. [5] The notice is creased, suggesting that at one time it was folded and placed into an envelope. The envelope attached thereto displays respondent's Laguna Niguel District Office return address and a window for the taxpayer's address. The number 429607 is handwritten next to a stamp-mark stating "Certified Mail No." Stamped in black on the *173 envelope is the date August 30, 1991. Next to the date is a red stamp-mark stating "Name", "1st Notice", "2nd Notice", and "Return". The dates "9-12" and "9-18" are handwritten next to "2nd Notice" and "Return", respectively. There also are stamp-marks indicating return to sender, and on one of the stamp-marks, the box corresponding to "unclaimed" is checked in ink, indicating that petitioner did not claim the notice of deficiency. Discussion
Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date the notice of deficiency was mailed to a taxpayer located in the United States. If a petition is not filed within the 90-day period, the Tax Court does not acquire jurisdiction to redetermine the deficiency in the case. Sec. 6213(a); Cataldo v. Commissioner, 60 T.C. 522 (1973), *174 affd. per curiam 499 F.2d 550 (2d Cir. 1974); Dorsey v. Commissioner, T.C. Memo. 1993-182. Respondent bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed. Coleman v. Commissioner, 94 T.C. 82, 90 (1990); Cataldo v. Commissioner, supra at 524. The act of mailing may be proven by documentary evidence of mailing or by evidence of respondent's mailing practices corroborated by direct testimony. Coleman v. Commissioner, supra at 90; Magazine v. Commissioner, 89 T.C. 321 (1987). A U.S. Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, reflecting postal receipt represents direct documentary evidence of the date and the fact of mailing. Magazine v. Commissioner, supra at 324, 327; Dorsey v. Commissioner, supra.Where the existence of the notice of deficiency is not in dispute, a properly completed Form 3877 by itself is sufficient, *175 absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, supra at 91; Wheat v. Commissioner, T.C. Memo. 1992-268. The certified mail list submitted by respondent is similar to, and appears to perform the same function as, Form 3877. Stein v. Commissioner, T.C. Memo. 1990-378. However, in this case the certified mail list is incomplete because there is no indication of the number of items received by the Laguna Niguel Post Office. Thus, the certified mail list, in and of itself, is insufficient to provide respondent with the presumption of mailing. Wheat v. Commissioner, supra.Respondent's failure to have the U.S. Postal Service clerk initial the certified mail list and indicate how many pieces of mail were received is an "inexactitude which is significant enough to render the presumption inapplicable." Id. Respondent still may prevail, however, if the evidence of mailing is otherwise sufficient. *176 Id. In the instant case, respondent presented competent evidence in the form of testimony by a manager as to the mailing procedures of respondent's Laguna Niguel District Office; an incomplete certified mail list, which at least suggests mailing; the original notice of deficiency dated August 31, 1991; and an original envelope bearing the proper article number and stamp-marks indicating the mail was not claimed by the addressee. We find the testimony, together with the documentary evidence, sufficient to prove mailing. Petitioner points to the lack of direct testimony concerning the mailing of the notice of deficiency to petitioner and the gaps in the documentary evidence. Respondent, however, is not required to produce employees who personally recall each of the many notices of deficiency that are mailed. Cataldo v. Commissioner, supra at 524. Petitioner also argues that she did not receive the notice of deficiency until March 1992. Petitioner cannot prevail simply by showing that she did not receive the notice of deficiency. The notice dated August 30, 1991, was correctly addressed but was returned "unclaimed", and petitioner provided *177 no explanation for her failure to claim the notice of deficiency. A notice of deficiency is valid even if it is not received. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Armstrong v. Commissioner, T.C. Memo. 1992-328, affd. 15 F.3d 970 (10th Cir. 1994). We find that respondent mailed the notice of deficiency on August 30, 1991, and petitioner's filing of the petition was untimely. Accordingly, we do not have jurisdiction to redetermine the deficiency in this matter. To reflect the foregoing, An order granting respondent's motion to dismiss for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Nov. 28, 1991, the 90th day after Aug. 30, 1991, was Thanksgiving Day, a legal holiday in the District of Columbia. See secs. 6213(b), 7503↩.
3. In her petition, petitioner claimed that the notice was mailed on Mar. 10, 1992. Petitioner did not provide the Court with the basis for her estimation of the date of mailing or the circumstances concerning the mailing of the notice of deficiency in March 1992.↩
4. The addresses for all three taxpayers were the same. Respondent asserted that the notice of deficiency to Deborah R. Massie, a Professional Corporation, was returned to respondent and was not received by the addressee. The record does not reflect whether the notice of deficiency to Massie & O'Brien was received by petitioner.↩
5. Counsel for respondent advised that this document was located in the administrative file of a related taxpayer (Deborah R. Massie, a Professional Corporation).↩