T.C. Memo. 2003-121

UNITED STATES TAX COURT

NICK A. SHUBIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10890-02.                    Filed April 28, 2003.

Nick A. Shubin, pro se.

Kevin W. Coy, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioner, while residing in Rolling Hills, California, petitioned the Court with respect to his 1991, 1992, 1993, 1994, 1995, and 1996 Federal income taxes.  Currently, the case is before the Court on respondent's motion to dismiss for lack of jurisdiction.

We shall grant respondent's motion to dismiss the case for lack of jurisdiction. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background[1]

On June 28, 2002, petitioner filed with the Court his petition as to 1991, 1992, 1993, 1994, 1995, and 1996. Petitioner did not attach a notice of deficiency to his petition as required by Rule 34(b)(8). In a statement attached to his petition, petitioner alleged that he never received a notice of deficiency for any of the above-referenced years. Respondent issued a notice of deficiency for 1991 to petitioner on January 5, 1996. Respondent did not issue a notice of deficiency to petitioner for any of the other years.

## Discussion

The Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient

---

[1] This background section is based on the undenied allegations in and the exhibit attached to respondent's motion.

for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is not essential to its validity.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); De Welles v. United States, 378 F.2d 37 (9th Cir. 1967).  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).  Under section 7502(a), a timely mailed petition will be treated as though it were timely filed.

Petitioner's only allegation is that he never received any notice of deficiency with respect to 1991, 1992, 1993, 1994, 1995, and 1996.  As to 1991, respondent argues that petitioner's petition was untimely.  Respondent attached to his motion a certified mail list, which indicates that on January 5, 1996, he sent a notice of deficiency for 1991 to petitioner at each of two addresses.  The certified mail list bears the stamp of the U.S. Postal Service and the initials of a postmaster.

This Court has held that the act of mailing may be proven by documentary evidence of mailing or by evidence of the

Commissioner's mailing practices corroborated by direct testimony.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); Magazine v. Commissioner, 89 T.C. 321 (1987).  A U.S. Postal Service Form 3877 reflecting postal receipt represents direct documentary evidence of the date and the fact of mailing. Magazine v. Commissioner, supra at 324, 327.  The certified mail list submitted by respondent performs the same function as Form 3877.  Massie v. Commissioner, T.C. Memo. 1995-173, affd. without published opinion 82 F.3d 423 (9th Cir. 1996); Virgin v. Commissioner, T.C. Memo. 1991-63.  Where the existence of the notice of deficiency is not in dispute, a properly completed Form 3877 by itself is sufficient, absent evidence to the contrary, to establish the date of mailing of the notice to a taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, supra at 91.   Given that the record in the instant case does not contain any evidence to the contrary, we conclude that respondent issued to petitioner a notice of deficiency on January 5, 1996, as the certified mail list establishes.  In that petitioner filed a petition with the Court disputing that notice of deficiency on June 28, 2002, which is more than 6 years after the expiration of the 90-day period prescribed by section 6213(a), we conclude that we lack jurisdiction as to 1991.  See De Welles v. United States, supra.

We also conclude that we lack jurisdiction as to the remaining years. Respondent has not issued to petitioner a notice of deficiency as to any of those years. Nor does there appear to be an alternative basis on which to predicate jurisdiction.

On the basis of the record before us and on the analysis above, we conclude that we lack jurisdiction in this case, and we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion to dismiss for lack of jurisdiction will be entered</u>.