T.C. Summary Opinion 2012-53

UNITED STATES TAX COURT

SCOTT WHITE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27663-10S.                    Filed June 11, 2012.

Scott White, pro se.

<u>Peter T. McCary</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986 (Code), as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a deficiency of $577 with respect to petitioner's 2008 tax year.  We must decide whether we have jurisdiction to consider the instant case.

Background

At the time he filed his petition, petitioner resided in Savannah, Georgia. During 2010, petitioner and respondent exchanged extensive correspondence regarding petitioner's Federal income tax liability for his 2008 tax year.  On August 30, 2010, respondent prepared a notice of deficiency regarding petitioner's 2008 tax year (notice of deficiency); the notice of deficiency stated that the last day for petitioner to file his petition with the Tax Court was November 29, 2010.

Petitioner never received the notice of deficiency.  In a letter from an Internal Revenue Service (IRS) employee dated October 1, 2010, petitioner was advised: "Our records indicate that the last date for you to petition the U.S. Tax Court is 12-14-10.  Please respond back to us by this date."  On December 6, 2010, petitioner mailed his petition to the Tax Court, and his petition was filed by the Court on December 13, 2010.  Instead of attaching a copy of the notice of deficiency to his petition, petitioner attached a copy of the IRS letter dated October 1, 2010.

Before trial, respondent filed a motion to dismiss the instant case for lack of jurisdiction on the grounds that petitioner did not file his petition within 90 days of the date the notice of deficiency was mailed.  A U.S. Postal Service (Postal Service) Form 3877 offered by respondent at trial and with his motion stated that the notice of deficiency was mailed on August 30, 2010, to petitioner at his last known address, which was also the address he used throughout his correspondence with the IRS and this Court.  However, at trial, because the Form 3877 respondent offered was not signed by a Postal Service employee and because it did not state the number of items the Postal Service received, respondent moved to withdraw his motion to dismiss for lack of jurisdiction.[2]

After trial, respondent filed a motion to reopen the record, to which he attached "printouts" from the Postal Service's "Track & Confirm" system (tracking printouts) stating that an item with a tracking number matching the tracking number associated with the notice of deficiency was entered into the Postal Service's electronic tracking system on August 31, 2010, and that a Postal Service notice was left on September 2, 2010, at an address within petitioner's ZIP Code in Savannah, Georgia.  The tracking printouts also state that because the item was never claimed,

---

[2]At trial, we took under advisement respondent's motion to withdraw his motion to dismiss for lack of jurisdiction.  We will grant respondent's motion to withdraw his motion to dismiss for lack of jurisdiction.

it was returned to respondent on September 22, 2010.   With his motion to reopen the record, respondent submitted a certification from the custodian of electronic delivery records at the Postal Service stating that the tracking printouts are true and correct copies of electronic records maintained in the ordinary course of the Postal Service's business, that it is the Postal Service's regular practice to maintain such records, that they were made at or near the time the notice of deficiency was mailed, and that they were made by persons with knowledge.[3]

## Discussion

Respondent contends that we should reopen the record and admit the tracking printouts to prove that respondent mailed the notice of deficiency.  Because respondent offers the tracking printouts to prove the truth of the matter asserted in the tracking printouts, i.e., that respondent mailed the notice of deficiency, the tracking printouts constitute hearsay, which is generally inadmissible under the Federal Rules of Evidence unless an exception applies.  See Fed. R. Evid. 801(c), 802; Snyder v. Commissioner, 93 T.C. 529, 532 (1989).  Respondent contends that

---

[3]On May 4, 2012, respondent filed a status report informing the Court:  "On March 16, 2012, respondent issued a second notice of deficiency for petitioner's 2008 tax year.  This notice of deficiency is substantially identical to * * * [the notice of deficiency respondent contends was prepared on August 30, 2010]."

the tracking printouts are admissible pursuant to the exception contained in rule 803(6) of the Federal Rules of Evidence. Pursuant to rule 803(6), records of regularly conducted activity are not excluded as hearsay if the following conditions are satisfied:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Respondent contends that the conditions are satisfied by the certification of the custodian pursuant to rule 902(11) of the Federal Rules of Evidence, which provides that certified domestic records of regularly conducted activity are self-authenticating if they meet the requirements of rule 803(6)(A) - (C) as shown "by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court."

However, rule 902(11) of the Federal Rules of Evidence contains a notice requirement: A party intending to offer a record into evidence "[b]efore the trial or hearing * * * must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them." The Advisory Committee Notes accompanying the 2000 Amendments to the Federal Rules of Evidence, which added paragraphs (11) and (12) to rule 902, state: "The notice requirement in Rules 902(11) and (12) is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." Although the rule does not establish what notice is sufficient to provide a fair opportunity, the time must be of such duration that the evidence "can be vetted for objection or impeachment in advance." United States v. Brown, 553 F.3d 768, 793 (5th Cir. 2008). Failure to provide before trial notice that a party intends to introduce documents as self-authenticating "violates both the letter and the spirit of Rule 902(11) and provides the party opposing admission with substantially no opportunity to verify the authenticity of either the records or any foundational testimony or affidavits." United States v. Weiland, 420 F.3d 1062, 1072 (9th Cir. 2005). Rule 902(11) of the Federal Rules of Evidence does not contain an exception to the notice requirement. Id. at 1072 n.7.

In the instant case, respondent failed to provide notice before trial that he intended to seek the admission of the tracking printouts as self-authenticating documents pursuant to rule 902(11) of the Federal Rules of Evidence. Because respondent failed to provide such notice, had he attempted to introduce the tracking printouts at trial, they would have been inadmissible. See Fed. R. Evid. 902(11); Brown, 553 F.3d at 793; Weiland, 420 F.3d at 1072. But respondent failed to introduce the tracking printouts at trial and instead seeks to reopen the record after trial to introduce evidence that would have been inadmissible even had he sought to introduce it at trial. We will deny respondent's motion to reopen the record.[4]

Section 6212(a) provides that if the Commissioner determines that there is a deficiency in income tax, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." The notice of deficiency is "sufficient" if mailed to the taxpayer at his last known address unless the Commissioner has been properly notified under section 6903 of the existence of a

---

[4]Reopening the record to receive additional evidence is a matter within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971); Butler v. Commissioner, 114 T.C. 276, 286-287 (2000). We will not grant a motion to reopen the record unless, among other requirements, the evidence relied on is not merely cumulative or impeaching, the evidence is material to the issues involved, and the evidence probably would change some aspect of the outcome of the case. Butler v. Commissioner, 114 T.C. at 287. Because respondent seeks to reopen the record to submit evidence that would have been inadmissible at trial, reopening the record would be pointless.

fiduciary relationship.  Sec. 6212(b)(1); <u>Frieling v. Commissioner</u>, 81 T.C. 42, 52 (1983).  If the notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial.  <u>King v. Commissioner</u>, 857 F.2d 676, 679 (9th Cir. 1988), <u>aff'g</u> 88 T.C. 1042 (1987); <u>Frieling v. Commissioner</u>, 81 T.C. at 52.  If the notice is addressed to a person in the United States, the taxpayer has 90 days after the mailing of the notice to file a petition in this Court to redetermine the deficiency.  Sec. 6213(a).

This Court has jurisdiction to redetermine tax deficiencies only when the Commissioner issues a notice of deficiency and the taxpayer files a timely petition for redetermination of that deficiency.  Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989).  The Commissioner bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed.  <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90 (1990).  The act of mailing may be proved by documentary evidence of mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony.  <u>Id.</u> at 90; <u>Magazine v. Commissioner</u>, 89 T.C. 321, 324 (1987).  A Form 3877 reflecting postal receipt represents direct documentary evidence of the date and the fact of mailing.  <u>Magazine v. Commissioner</u>, 89 T.C. at 324, 327.  A properly completed Form 3877 also reflects compliance with IRS established procedures for mailing deficiency notices.

Coleman v. Commissioner, 94 T.C. at 90. Exact compliance with the Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, 94 T.C. at 91.

Where a Form 3877 does not indicate the number of items received by the Postal Service or does not bear the signature or initials of a Postal Service employee, it is insufficient to provide the Commissioner with the presumption of mailing. Massie v. Commissioner, T.C. Memo. 1995-173, aff'd without published opinion, 82 F.3d 423 (9th Cir. 1996); Wheat v. Commissioner, T.C. Memo. 1992-268. A failure to have the Postal Service clerk initial the Form 3877 and indicate how many pieces of mail were received is an "inexactitude which is significant enough to render the presumption inapplicable." Wheat v. Commissioner, T.C. Memo. 1992-268. However, such oversights will not be fatal if the Commissioner can produce other evidence sufficient to prove mailing. Keado v. United States, 853 F.2d 1209, 1214 (5th Cir. 1988); Coleman v. Commissioner, 94 T.C. at 91.

In the instant case, the Form 3877 respondent submitted is incomplete because there is no indication of the number of items received by the Postal Service and because it does not bear the signature or initials of a Postal Service employee.

Accordingly, the Form 3877 is insufficient to provide respondent with the presumption of mailing. See Massie v. Commissioner, T.C. Memo. 1995-173; Wheat v. Commissioner, T.C. Memo. 1992-268. Because respondent failed to produce any other admissible evidence to prove that the notice of deficiency was mailed, he has failed to carry his burden of proving that the notice was properly mailed. Accordingly, we lack jurisdiction because the record does not establish that a notice of deficiency was mailed to petitioner in accordance with section 6212. Consequently, we will dismiss the instant case for lack of jurisdiction.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and order of dismissal will be entered.