T.C. Memo. 2015-29

UNITED STATES TAX COURT

ERNEST D. PORTWINE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7383-13L.                    Filed February 23, 2015.

Ernest D. Portwine, pro se.

S. Mark Barnes, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  This case arises from a petition for judicial review filed

in response to Notices of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330[1] (notices of determination) with respect to petitioner's

_____

[1] Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] Federal income tax liabilities for 2002-07.  The issues for decision are:

(1) whether petitioner may challenge his underlying tax liabilities; (2) whether

respondent properly verified that the notices of deficiency for 2002-07 were

mailed to petitioner; (3) whether respondent abused his discretion by denying

petitioner a face-to-face hearing; and (4) whether petitioner is liable for a penalty

under section 6673(a)(1).

## FINDINGS OF FACT

I.    Background

Petitioner did not file Federal income tax returns for 2002-07 (years at

issue).  Consequently, the Internal Revenue Service (IRS) prepared a substitute for

return for each of those years pursuant to section 6020(b).

On November 7, 2005, October 23, 2006, and December 28, 2009, the IRS

mailed petitioner notices of deficiency for 2002, 2003, and 2007, respectively.  On

December 29, 2008, the IRS mailed him notices of deficiency for 2004, 2005, and

2006.  The notices of deficiency were addressed to his address in Sheridan,

Wyoming.  He did not file a petition with the Court contesting any of the

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*3] deficiency determinations, and the IRS assessed his tax liabilities for the years at issue.

II.    Petitioner's Collection Due Process (CDP) Appeal

Petitioner did not pay the assessed tax liabilities for any of the years at issue. On September 27, 2012, the IRS mailed petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to his outstanding income tax liabilities for 2003-2007.[2] On October 25, 2012, the IRS mailed petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL), with respect to his outstanding income tax liabilities for the years at issue.

On October 26, 2012, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the levy notice. On November 30, 2012, petitioner submitted a Form 12153 in response to the NFTL. On both Forms 12153 petitioner requested a face-to-face CDP hearing and stated his intent to audio record the hearing. Petitioner also stated that he planned to: (1) verify that the IRS had followed proper procedures; (2) challenge the tax

_____

[2] Petitioner had previously received a levy notice and a notice of determination as to 2002 which he challenged in a prior case at docket No. 5584-11L. That case was dismissed for lack of jurisdiction upon the ground that the petition was not filed within the time prescribed by secs. 6330(d)(1), 7502, and 7503.

[*4] liabilities and accrued penalties; and (3) discuss collection alternatives if it could be proven that he owed the tax.

On November 16, 2012, the IRS assigned petitioner's case to Settlement Officer Lynne McDermott of the IRS Office of Appeals (Appeals). As part of her review of petitioner's case, Settlement Officer McDermott examined the proposed assessments, the copies of notices of deficiency, and the certified mailing lists for the years at issue.

On December 11, 2012, Settlement Officer McDermott mailed petitioner a letter relating to the levy action. Settlement Officer McDermott informed petitioner that Appeals had received his request for a CDP hearing and scheduled a telephone CDP hearing for January 31, 2013. On January 14, 2013, Settlement Officer McDermott mailed petitioner a similar letter relating to the lien action.

In both letters Settlement Officer McDermott instructed petitioner to submit the following items: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, including all required attachments, i.e., earnings statements, bills or statements for monthly recurring expenses, and statements for checking and savings accounts; (2) a completed Form 433-B, Collection Information Statement for Businesses; (3) signed Federal

[*5] income tax returns for 2008-11 (which had not been filed); and (4) proof that estimated tax payments had been paid in full.

Petitioner did not submit the requested information, nor did he call at the time designated for the telephone CDP hearing. Instead, he mailed Settlement Officer McDermott two letters both dated January 30, 2013. In each letter he requested a copy of the rules that govern CDP hearings, insisted on a face-to-face hearing, and stated that he had not received the notices of deficiency for the years at issue.

On January 31, 2013, Settlement Officer McDermott mailed petitioner two "last chance letters" indicating that she would make a determination by reviewing the administrative file and any information he had previously submitted. She advised petitioner that if he wanted to provide additional information he should do so within 14 days from the date of the letter. Petitioner did not submit any additional information.

On February 27, 2013, the IRS issued petitioner two notices of determination sustaining the lien and levy actions at issue. Petitioner, while residing in Wyoming, timely petitioned this Court for review of the determinations. Petitioner appeared at trial but did not testify or proffer any evidence. He did submit a motion to impose sanctions on respondent's counsel,

**[*6]** which we denied.  Respondent's counsel made an oral motion for sanctions under section 6673.

OPINION

I.      <u>Statutory Framework</u>

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment of the tax has been made and the taxpayer fails to pay the tax.  Section 6320(a) provides that the Secretary shall furnish the taxpayer with an NFTL within five business days after the notice of lien is filed.

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made.  Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a taxpayer requests a hearing in response to an NFTL or a notice of levy pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of Appeals.  Secs. 6320(b)(1), (3), 6330(b)(1), (3).  The hearing under section 6320 generally shall be conducted in a manner consistent

**[*7]** with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing Appeals must determine whether to sustain the filing of the lien and whether proceeding with the proposed levy is appropriate. In making that determination Appeals is required to take into consideration: (1) the verification required by section 6330(c)(1); (2) relevant issues raised by the taxpayer; and (3) whether the proposed lien or levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

[*8]   Section 6330(d)(1) grants this Court jurisdiction to review Appeals'

determination in connection with a collection hearing.  Where the validity of the

underlying tax liability is properly at issue, we review the taxpayer's liability de

novo.  See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114

T.C. 176, 181-182 (2000).  Where the underlying tax liability is not properly at

issue, we review the determination for abuse of discretion.  Sego v. Commissioner,

114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

II.   Challenge to the Underlying Liabilities

At the CDP hearing the taxpayer may raise any relevant issue relating to the

unpaid tax or the proposed collection method.  Sec. 6330(c)(2)(A).  Generally, a

taxpayer must raise an issue at a CDP hearing to preserve it for this Court's

consideration.  Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec.

301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  The merits are not properly

raised if the taxpayer challenges the underlying tax liability but fails to present

Appeals with any evidence regarding that liability after being given a reasonable

opportunity to do so.  See Delgado v. Commissioner, T.C. Memo. 2011-240; sec.

301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioner disputed the underlying liabilities on both Forms 12153.

However, there is nothing in the record to show that petitioner provided any

[*9] evidence to Settlement Officer McDermott to dispute respondent's calculation of the underlying liabilities. Petitioner declined to participate in the telephone CDP hearing. He failed to submit tax returns for the years at issue or any other documents addressing his tax liabilities for those years. Although he sent some letters to Settlement Officer McDermott, none of them included so much as a summary of what he believed to be his true underlying liabilities. Accordingly, we find that petitioner did not properly raise his underlying liabilities during the CDP hearing, and therefore he cannot dispute the liabilities here.

III. Verification

On brief petitioner argues that Settlement Officer McDermott failed to verify that the notices of deficiency for the years at issue were mailed to him. Section 6330(c)(1) requires Appeals, as part of its review, to verify that a valid notice of deficiency was issued to the taxpayer. Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008). Where, as in this case, a taxpayer identifies an irregularity in the assessment procedure, an Appeals officer cannot rely solely on the tax transcripts in order to verify that a notice of deficiency has been sent. See Hoyle v. Commissioner, 131 T.C. at 205 n.7 ("[W]here a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an irregularity[.]'"); see also Nestor v. Commissioner, 118 T.C. 162,

**[\*10]** 166 (2002). Instead, the Appeals officer must examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list". Chief Counsel Notice CC-2006-19 (Aug. 18, 2006); See Marlow v. Commissioner, T.C. Memo. 2010-113; Casey v. Commissioner, T.C. Memo. 2009-131 (noting that the Appeals officer examined notices of deficiency that were in the administrative file and concluded that a notice of deficiency had been mailed to the taxpayer).

In deficiency cases, we have said that the Commissioner bears the burden of proving by competent and persuasive evidence that the notice of deficiency was mailed to the taxpayer. Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970). The act of mailing the notice of deficiency is generally proven by documentary evidence of mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony. Coleman v. Commissioner, 94 T.C. at 90; Magazine v. Commissioner, 89 T.C. 321, 326 (1987). Exact compliance with Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner. Hoyle v. Commissioner, 131 T.C. at 203; Coleman v. Commissioner, 94 T.C. at 91. Although this is not a deficiency case, we have

**[*11]** applied these same principles in a CDP setting. See Meyer v. Commissioner, T.C. Memo. 2013-268.

Petitioner correctly points out that respondent is not entitled to the presumption of official regularity in this case because the certified mailing lists are incomplete.[3] Respondent may still prevail, however, if the evidence of mailing is otherwise sufficient. See Coleman v. Commissioner, 94 T.C. at 91; see also Wheat v. Commissioner, T.C. Memo. 1992-268.

Although an incomplete certified mailing list that does not contain all of the information required by Form 3877 is insufficient to create a presumption of proper mailing, it nevertheless has some probative value. See Massie v. Commissioner, T.C. Memo. 1995-173, aff'd without published opinion, 82 F.3d 423 (9th Cir. 1996). The certified mailing lists in this case bear U.S. Postal Service date stamps. Each list also shows petitioner's name, his address, and the certified mail article number of the corresponding notice of deficiency. Petitioner has not argued that the address recorded on the certified mailing lists was not his last known address, nor has he argued that respondent failed to follow his

---

[3] The certified mailing lists do not indicate the number of items received by the U.S. Postal Service office and are not signed or initialed by the IRS employees who issued the notices. These deficiencies render the presumption of official regularity inapplicable. See Meyer v. Commissioner, T.C. Memo. 2013-268.

[*12] established mailing procedures.  When asked by the Court whether he objected to the introduction of documents regarding the mailing of the notice of deficiency for 2002, petitioner responded as follows:  "Without an attorney representation, I don't feel I should respond to that".

Furthermore, Settlement Officer McDermott did not rely solely on the certified mailing lists to verify that the notices of deficiency had been mailed to petitioner.  Settlement Officer McDermott also reviewed the copies of notices of deficiency for the years at issue.  Each notice of deficiency bears the same mailing date, mailing address, and certified mail article number as the corresponding certified mailing list.

Although respondent is not entitled to a presumption of mailing, we conclude that, in this case, the dated copies of the notices of deficiency, combined with the incomplete certified mailing lists, are sufficient to show that the notices of deficiency for the years at issue were mailed to petitioner at his last known address.  Consequently, we hold that Settlement Officer McDermott properly verified, pursuant to section 6330(c)(1), that "the requirements of any applicable law or administrative procedure have been met."

**[\*13]** IV.    Face-to-Face-Hearing Request

Petitioner argues that Settlement Officer McDermott abused her discretion in refusing to conduct a face-to-face CDP hearing.  Respondent argues that petitioner was not entitled to a face-to-face CDP hearing because, among other things, petitioner failed to provide the requested information and file delinquent tax returns.

Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999). This Court has held that a face-to-face hearing is not required under section 6330. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186; Leineweber v. Commissioner, T.C. Memo. 2004-17.  We have also held that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present relevant arguments and refuses to provide requested financial information.  See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.  The regulations further provide that if a face-to-face hearing is not held, a hearing conducted by telephone, by correspondence, or by review of

**[\*14]** documents will suffice for purposes of section 6330(b).  <u>See</u> sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

The record demonstrates that a face-to-face hearing would not have been productive.  Petitioner was given an opportunity to participate in a telephone CDP hearing but did not take advantage of that opportunity.  Aside from his argument that he had not received a notice of deficiency for the years at issue, petitioner did not present any relevant arguments during his correspondence CDP hearing.  Additionally, petitioner, although requested to do so on several occasions, failed to submit requested financial documentation (i.e., Form 433-A) and file past-due returns.  Thus, Settlement Officer McDermott did not abuse her discretion in determining that petitioner was not entitled to a face-to-face hearing.

The record reflects that Settlement Officer McDermott verified that respondent satisfied all applicable legal and administrative requirements, considered all relevant issues petitioner raised, and balanced the intrusiveness of the proposed collection action against the need for effective tax collection.  <u>See</u> sec. 6330(c).  We therefore conclude that Settlement Officer McDermott did not abuse her discretion by sustaining the proposed collection action.

**[*15]** V.     Section 6673(a)(1) Penalty

Respondent also asked the Court to impose a penalty on petitioner under section 6673(a)(1).  Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.

Petitioner neither cooperated with respondent before trial nor presented evidence at trial.  The circumstances here suggest that petitioner may have instituted and maintained this proceeding primarily for purposes of delay.  However, we will not now impose a penalty under section 6673(a)(1).  Nonetheless, we take this opportunity to admonish petitioner that the Court shall strongly consider imposing such a penalty if he returns to the Court and proceeds in a similar fashion in the future.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.