T.C. Memo. 2016-179

UNITED STATES TAX COURT

SHARON L. GARRETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28049-14L.                    Filed September 26, 2016.

P, who made no returns of income tax for the years in issue, objects to R's proceeding with collection of unpaid tax solely on the ground that, for failure of R to mail to her a notice of tax deficiency (notice), he could not assess the unpaid tax and, therefore, could not by administrative means collect it from P.

Held: P bears the ultimate burden of proving that R did not mail the notice.

Held, further, accepting P's implicit claim that she did not receive the notice as sufficient to shift to R the burden of going forward with evidence to prove that he mailed the notice to P, R has carried his burden by producing a copy of the notice along with a certified mail list containing information indicating that the notice was sent to P by certified mail on the date shown on the notice.

Held, further, the burden of going forward with the evidence having shifted back to P to counter R's showing that he mailed the

**[\*2]** notice to P on the date shown on the notice, P has failed to carry that burden.

Held, further, P having failed to carry her ultimate burden of showing that R failed to mail the notice to her, R may proceed with collection.

Sharon L. Garrett, pro se.

Monica I. Cendejas, Cory H. Ellenson, Erin Kathleen Salel, and Michael K. Park, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge: This case is before us to review a determination (determination) by the Internal Revenue Service Appeals Office (Appeals) that the Secretary's filing of a notice of Federal tax lien with respect to petitioner's property was an appropriate action and that collection of unpaid Federal income tax, additions to tax, and interest for petitioner's taxable (calendar) years 2004 through 2008 may proceed. We review the determination pursuant to sections 6320(c) and 6330 (d)(1).[1] Petitioner has conceded her liability for 2004 and, we assume, the

---

[1]Unless otherwise stated, all section references are to the Internal Revenue Code of 1986 in effect at all relevant times, and all Rule references are to the Tax

(continued...)

**[\*3]** correctness of the determination as it applies to 2004. The remainder of the determination, for 2005 through 2008 (years in controversy), remains in issue.

This is our second report in this case. Our first, Garrett v. Commissioner, T.C. Memo. 2015-228, addressed both parties' motions for summary judgment. Petitioner had moved for summary judgment in her favor on the grounds that respondent had not offered adequate evidence of having mailed to her a notice of deficiency for the years in controversy. His failure to have mailed a notice would have forestalled any collection efforts for those years. As evidence that he had mailed petitioner a notice of deficiency for those years, respondent produced a copy of that notice and a "certified mail list" evidencing that he had mailed the notice to petitioner. We stated: "It is well established that a U.S. Postal Service Form 3877 or equivalent certified mail list is highly probative evidence that a notice of deficiency included on the list was sent to the address specified." Id. at \*5 (quotation marks, ellipsis, and brackets omitted). Petitioner argued, however, that, because the notice that respondent produced did not bear the certified mail number indicated on the certified mail list, the list evidenced only that respondent sent her something but not necessarily the notice. Petitioner cited no authority for

---

[1](...continued)
Court Rules of Practice and Procedure.

[*4] the proposition that a notice of deficiency sent by certified mail must bear the certified mail number for a copy of the notice to constitute valid evidence that it was mailed. We rejected petitioner's argument that the certified mail list and the notice that respondent had produced were, as a matter of law, insufficient to establish the validity of the assessments (and the validity of respondent's subsequent collection activities). Id. at *6. We stated: "[T]he certified mail list evidences that the notice of deficiency was mailed to petitioner." Id. at *7. We denied petitioner's motion for summary judgment.[2]

The only issue now before us, following trial, is whether respondent in fact mailed to petitioner a notice of deficiency before assessing tax for the contested years. We find that he did.

## FINDINGS OF FACT

### Introduction

Other than the ultimate fact of whether respondent mailed to petitioner a notice of deficiency for the years in controversy, there are few facts to be found. Neither petitioner nor respondent called any witnesses, and petitioner offered no

---

[2]We also denied in part respondent's motion for summary judgment because, for 2005 through 2008, the motion presented genuine questions of material fact. We granted the motion (in part) with respect to 2004 because of petitioner's concession of liability for that year.

[*5] testimony pertinent to the question of whether respondent mailed to her a notice of deficiency for the contested years. The parties have stipulated certain facts and the authenticity of certain documents. The facts stipulated are so found, and documents stipulated are accepted as authentic. When she filed the petition, petitioner resided in California.

The Determination

On February 25, 2014, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding her 2004 through 2008 tax years.[3] In response, petitioner sent to Appeals a request (request) for collection due process (CDP) hearing, raising various issues, including whether the period of limitations had expired, whether the Internal Revenue Service (IRS) had followed proper procedures, and whether she was liable for the assessed tax, and asking that collection alternatives be considered. Sherrie Levine is the Appeals settlement officer assigned to the request. As part of her consideration of the request, Ms. Levine verified that an assessment of tax was made for each of 2004 through 2008. She obtained from respondent's examination

---

[3]The notice of Federal tax lien shows the amount of the lien for each year as follows (rounded to the nearest dollar): 2004: $1,132; 2005: $6,930; 2006: 19,076; 2007: $16,006; 2008: $1,936. The liens result in part from petitioner's failure to make returns for any of those years and from respondent's making returns for her.

[*6] personnel records that included a copy of a notice of deficiency for the years in controversy "sent to [petitioner's] current address."  That copy is stamped "File Copy", is dated Nov. 16, 2012, and determines a deficiency in tax and imposes additions to tax for each of the contested years.  Ms. Levine concluded that a notice of deficiency had been sent to petitioner, and for that reason she informed petitioner that she could not challenge her underlying tax liabilities because she had had a prior opportunity to do so.  For various reasons, Ms. Levine concluded that respondent's filing of a notice of Federal tax lien for 2004 through 2008 should be sustained and that petitioner was entitled to no other relief from collection.  The determination, dated October 21, 2014, followed.

Other Documents

The parties have stipulated copies of IRS Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the contested years. Those forms show assessments of tax for the contested years on April 29, 2013, "per default of 90 day letter [i.e., statutory notice of deficiency]".

The parties have also stipulated a copy of "the certified mail[] list relating to the Notice of Deficiency issued on November 16, 2012, for tax years 2005 through 2008."  That document (certified mail list) is captioned "Certified Mail List".  It shows the name and address of the sender:  "Department of the Treasury, Internal

**[*7]** Revenue Service". It recites: "Statutory Notices of Deficiency for the Tax Year(s) Indicated Have Been Sent to the Following Taxpayers." Next to that entry is the stamped date "Nov. 16, 2012". It has four captioned columns: "Certified No.", "Taxpayer(s)", "Address", and "Tax Year(s)". The first row under those column headings is blacked out (we assume to hide the identity of another taxpayer). The second row shows a 20-digit number, petitioner's name, her address, and the tax years 2005 through 2008. Towards the bottom of the document is a row with the following entries: "Total No. of Pieces Listed by Sender: 8"; "Total No. Pieces Received at Post Office: 8"; "Postmaster and Date: * * * [there are handwritten initials and what appears to be a circular, stamped postmark:] Laguna Niguel CA, 92677 * * *, Nov 16, 2012." The letter "U" appears at the bottom of the circle, followed by three other letters that are indecipherable. At the bottom, it recites: "Internal Revenue Service--Official Use Only". To the left of that recitation are indecipherable initials.

Petition

By the amended petition, petitioner assigned the following errors to the determination: respondent did not provide petitioner with evidence that she owed tax; he deprived her of the opportunity to challenge her liability during her CDP hearing; he did not meet all the requirements for a CDP hearing; she did not

**[*8]** receive a fair or impartial hearing; she did not receive all requested documents or files.  Respondent answered, denying that he erred as alleged.

OPINION

I.      Introduction

The parties have filed briefs.  At the conclusion of the trial in this case, petitioner conceded, and, on brief, she reiterates, that the only issue she wishes to argue is that respondent failed to mail to her a notice of deficiency for the contested years.  Petitioner did not at trial testify or present other evidence that she did not receive the notice or that she did not receive the income attributed to her in the notice.  The mailing issue aside, she does not argue that Ms. Levine abused her discretion in determining that the notice of tax lien should be sustained.  Respondent asks that we deem petitioner to have waived all issues other than whether respondent mailed to her the notice.  See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986), aff'd, 832 F.2d 403 (7th Cir. 1987).  We think it clear that petitioner has decided to rely solely on the failure-to-mail-notice argument, and we deem her to have waived all other issues and assignments of error.

**[*9]** II.     Parties' Arguments

A.     Petitioner's Arguments

Petitioner's principal argument is:  "The 'CERTIFIED MAIL LIST' used by Respondent to certify the alleged certified mailing of the Notice of Deficiency for 2005 through 2008 * * * is not a certified mailing list authorized by the United States Postal Service (hereafter, 'USPS'), but a bootleg document that is fraught with errors and improper completion."  She adds that respondent may use only a USPS form (in particular, a USPS Form 3877) to prove the certified mailing of a notice of deficiency.

Alternatively, she argues that, if, as a matter of law, a non-USPS form may provide satisfactory proof of mailing, the certified mail list does not provide satisfactory proof because (1) it lacks the signature of the person creating the form, (2) it lacks the signature of the Postal Service employee receiving the listed items, and (3) it shows as "8" both the number of pieces listed by sender and the number of pieces received at the post office, while the document itself at best shows only statutory notices sent to two taxpayers.

Petitioner also attaches to her brief a document purporting to show that the USPS could not find tracking number information for the tracking number shown on the certified mail list.  At trial, we excluded the same document from evidence

[*10] on, among other grounds, the ground that petitioner had failed to follow our standing pretrial order and identify it in writing to respondent and provide to him a copy at least 14 days before trial, which prejudiced respondent. We will not consider that document here or petitioner's argument relying on it that the USPS's inability to find the tracking number on the certified mail list proves that respondent never mailed the notice. We note in passing that a "Help" article at the USPS.com Web site states that records for the Certified Mail service are stored in the tracking system for up to two years. http://faq.usps.com/?articleId=221132 (last visited July 27, 2016). Petitioner may have queried the system after the period of inquiry for the notice of deficiency, dated February 16, 2012, expired.

B.    Respondent's Arguments

Respondent concedes, as he must, that, generally, a deficiency in tax may not be assessed and administrative means may not be undertaken to collect the deficiency until after a notice of deficiency is mailed to the taxpayer by certified or registered mail. See secs. 6212(a), 6213(a). He argues that he has produced a copy of the notice, which he claims that he sent by certified mail to petitioner, and the certified mail list, which evidences that the notice was sent by certified mail. That, he argues, fulfills his burden of production, and petitioner has failed to answer with evidence that the notice was not sent. Further, he argues that he has

**[*11]** produced proof that the resulting deficiencies in tax for the contested years have been assessed.

III.   Discussion

Respondent is correct that in this case no deficiency for any of the contested years could be assessed, or administrative means undertaken to collect the deficiency, until after a notice of deficiency was mailed to petitioner by certified or registered mail.  See secs. 6212(a), 6213(a).

Normally, a taxpayer contesting the validity of a notice of deficiency on the ground that it was not mailed to the taxpayer within the period for the assessment and collection of any deficiency in tax (period of limitations) is in receipt of the notice and is claiming that the period of limitations expired before the date shown on the notice.  See, e.g., Coleman v. Commissioner, 94 T.C. 82 (1990).  The taxpayer has the burden of proving the expiration of the period of limitations.  See Rule 142(a); Coleman v. Commissioner, 94 T.C. at 89.  The taxpayer must make a prima facie case, on the basis of evidence of the date she filed her return and the date the notice was mailed, that the normal period of limitations expired before the notice was mailed.  If she makes that showing, the burden of going forward with the evidence shifts to the Commissioner, who must introduce evidence to show that the period of limitations was not closed when the notice was mailed.  Where

[*12] the Commissioner makes that showing, the burden of going forward with the evidence shifts back to the taxpayer to show that any alleged exception to the expiration of the period of limitations is invalid or otherwise inapplicable. The burden of proof, i.e., the risk of nonpersuasion, however, never shifts from the taxpayer. See Coleman v. Commissioner, 94 T.C. at 89-90.

This is not the normal case. Petitioner, who is contesting whether respondent mailed to her a notice of deficiency, cannot make a prima facie case of untimely mailing by showing that a notice she received was mailed to her after expiration of the usual period of limitations because she is not claiming untimely mailing but, rather, no mailing at all.[4] We shall, nonetheless, accept her implicit claim that she did not receive any notice of deficiency for the contested years as sufficient to shift the burden of going forward with the evidence to respondent.

Respondent has produced a file copy of a notice of deficiency dated November 16, 2012, determining deficiencies in petitioner's taxes for 2004

---

[4]Moreover, because it appears from the file copy of the notice that petitioner filed no returns for any of the contested years, the periods of limitations for those years never began to run. See sec. 6501(c)(3). A substitute for return prepared under sec. 6020(b) is not considered a return for purposes of starting the period of limitations. Kaplan v. Commissioner, T.C. Memo. 2014-43, aff'd, 795 F.3d 808 (8th Cir. 2015); sec. 301.6501(b)-1(c), Proced. & Admin. Regs. Since we find that respondent did mail to petitioner a notice of deficiency for the contested years, we need not address whether, were we unable to make that finding, respondent might rectify that error.

**[*13]** through 2008. Petitioner has pointed out no irregularities in the file copy, and we assume, and find, that the file copy is a copy of a notice of deficiency for the contested years (notice) that was prepared by respondent for mailing to petitioner. That leaves, of course, the questions of whether and when the notice was mailed.

Respondent offers the certified mail list as evidence that he mailed the notice to petitioner by certified mail on November 16, 2012. We may quickly dispose of petitioner's argument that respondent may use only a USPS Form 3877 to prove the certified mailing of a notice of deficiency. As we said in Garrett v. Commissioner, at *5 (quoting United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976)): "It is well established that a U.S. Postal Service Form 3877 or equivalent certified mail list is 'highly probative evidence that * * * [a] notice of deficiency [included on the list] was sent to the address [ ] specified.'" The Commissioner is not required to produce a USPS Form 3877 if he produces equivalent evidence of proper mailing. See O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009); Rivas v. Commissioner T.C. Memo. 2012-20, 2012 WL 141745, at *4 n.6 (citing opinions of other courts consistent with O'Rourke that Commissioner is not required to produce USPS Form 3877 if he produces equivalent evidence of proper mailing).

**[\*14]** Respondent has produced the certified mail list, which contains information indicating that a statutory notice of deficiency for the contested years was sent to petitioner by certified mail on November 16, 2012. The date November 16, 2012, is stamped at the top of the document, next to the statement that notices of deficiency have been mailed to the following taxpayers, and it appears on the circular postmark at the bottom of the document, next to the entry "Postmaster and Date" and initials. We have said: "[I]t is generally well known that a USPS hand-stamped postmark is round". Meyer v. Commissioner, T.C. Memo. 2013-268, at \*23. The circular postmark next to the entry "Postmaster and Date" and the initials are sufficient evidence for us to conclude that the postmark is a USPS postmark indicating receipt by the USPS of the certified mail items listed on the page on November 16, 2012. The certified mail list constitutes direct documentary evidence that, on November 16, 2012, respondent sent the notice (also dated November 16, 2012) by certified mail to petitioner. See Crain v. Commissioner, T.C. Memo. 2012-97, 2012 WL 1083489, at \*5. Respondent has thus carried his burden of introducing evidence from which me might conclude that the notice was sent by certified mail to petitioner on November 16, 2012. Petitioner must come forward with evidence to rebut that conclusion.

**[*15]** With respect to petitioner's arguments, it is true that the certified mail list shows "8" as the number of pieces listed by sender and received at the post office, while it appears that only two pieces are listed on the document in front of us. It may be that the certified mail list is the last page of a multipage document, but we do not know. In any event, the page in front of us does contain the pertinent information concerning petitioner and does include the postmark. The failure of the certified mail list to identify the other six items and the fact that the document contains initials rather than signatures goes to the weight we accord the document. All things considered, on the basis of the notice, dated November 16, 2012, and the certified mail list showing the certified mailing of a notice of deficiency to petitioner on that same date, we conclude, and find, that, on November 16, 2012, respondent did mail the notice to petitioner. The Forms 4340 in evidence show the subsequent assessment of taxes and other amounts for the contested years on April 29, 2013, and we find that those amounts were so assessed.

IV. Conclusion

There being nothing further to decide, we will enter decision for respondent.

Decision will be entered for

respondent.