MARY O. MAGAZINE, F.K.A. MARY O. BANKS, PETITIONER
*v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 39207-86.        Filed August 20, 1987.

*Sidney A. Soltz*, for the petitioner.
*Susan Wynne* and *David R. Cohen*, for the respondent.

GERBER, *Judge*: This matter comes to us because of respondent's motion to dismiss for lack of jurisdiction. The statutory notice of deficiency bears the date "Mar. 29, 1983" and the petition herein was filed on October 2, 1986, more than 3 years beyond the 90-day period set forth in section 6213.[1] Petitioner, acknowledging that the petition would be untimely if a valid notice was actually mailed on the date alleged, objects to respondent's motion and seeks to have this case dismissed on the grounds that the statutory notice was not mailed, or if mailed that it was not mailed to petitioner's last known address, as required in section 6212. The unique aspect of this case is generated by respondent's destruction of Form 3877, the Postal Service application for certification. The issue for our consideration is whether respondent can prove the mailing and date of mailing required under section 6212 (without use of Form 3877) by means of employee habit evidence regarding the mailing of statutory notices.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended.

## FINDINGS OF FACT

Petitioner resided in Miami, Florida, at the time of filing the petition herein. Petitioner graduated from a Birmingham, Alabama, law school in June 1979 and married Thomas S. Banks on November 11, 1979. Following her marriage, petitioner was known as Mary O. Banks and she and her new husband filed a joint 1979 Federal income tax return[2] on April 15, 1980, reflecting 4808 Winnebago Drive, Birmingham, Alabama, as their address. During June 1980, petitioner separated from Thomas S. Banks and moved to Miami, Florida. The Banks were eventually divorced during December 1980. During the fall 1980, a Power of Attorney (Form 2848) showing what purported to be petitioner's and Thomas S. Banks' signatures was submitted to respondent. Petitioner denies that she signed the Power of Attorney and stated that she had no communication[3] with Thomas S. Banks following their separation in June 1980. The Power of Attorney reflected that the address for Thomas S. and Mary O. Banks was 6330 South Rosebury, St. Louis, Missouri 63105. On February 11, 1983, Thomas S. Banks filed a new Power of Attorney, in his name only, reflecting a Birmingham, Alabama, address.

The statutory notice of deficiency (notice) which reflected the name "Mary O. Banks," only, was dated March 29, 1983, and 6330 South Rosebury, St. Louis, Missouri 63105, was shown as petitioner's address. Petitioner never resided at the 6330 South Rosebury address. Petitioner married Joel R. Magazine in 1981 and they filed their joint 1981 Federal income tax return with the District Director of Internal Revenue, District of Florida, on January 11, 1983. The Atlanta Internal Revenue Service Center in Doraville, Georgia, on March 7, 1983, sent petitioner and her new husband (Joel R. Magazine), at their Florida address, a computer bill for penalty and interest for their 1981 taxable year. Petitioner did not otherwise specifically notify the respondent of her address during the period beginning with

---

[2] Petitioner had no separate taxable income for the taxable year 1979.

[3] These two facts are not necessarily interdependent because petitioner may have been asked to sign the Power of Attorney by the joint return preparer or some other individual on Thomas S. Banks' behalf. It is not necessary to make a finding on whether the signature was petitioner's because the case is disposed of on other grounds.

the filing of the 1979 joint return, to the time of the March 29, 1983, notice. Petitioner, in her October 2, 1986, petition, alleged that she did not come into possession of the March 29, 1983, notice until September 22, 1986.

During 1983, Laura Nothstein (Laura) was the "90-day clerk" for the Internal Revenue Service at St. Louis, Missouri, where she was responsible for reviewing, typing, and mailing statutory notices of deficiency. Laura's initials appear on the upper right corner of the notice.[4] Laura did not have any personal knowledge or recall about petitioner or mailing the notice under consideration. Laura searched respondent's files for the Form 3877, Application for Registration or Certification (proof of mailing), which would have shown the mailing of the notice, and she determined that it had been destroyed.[5] Laura also checked with the U.S. Postal Service and found that their records had been destroyed in accord with a 2-year destruction program.

Laura's custom and practice during 1983 was to accomplish the following with respect to statutory notices of deficiency: (1) Type the notice of deficiency and submit it to her reviewer for signature and return to Laura; (2) place the certified mail number and date on each notice of deficiency and then list the name and address on the Form 3877; (3) check the numbers on the notices of deficiency against the numbers on the Form 3877, and take the Form 3877 along with the notices of deficiency, in separate envelopes, to the post office; (4) request the post office employee to stamp the Form 3877 and return the receipts to respondent's office. Laura tried to follow these procedures on each occasion, but she had no specific knowledge of whether she actually followed these procedures with respect to the notice here in question.

OPINION

The controversy between the parties is limited to certain requirements upon respondent under section 6212. Respondent, in order to issue a notice of deficiency, as contem-

---

[4]Although not material, we assume that the notice in our record was the retained copy from respondent's files.

[5]It was standard procedure in the St. Louis, Missouri, District to destroy Forms 3877 after 3 years.

plated under section 6212, may mail it by certified or registered mail to the taxpayer's last known address.[6] Petitioner contends that respondent did not mail a notice of deficiency and, if mailed, the address used was not petitioner's last known address.[7] Respondent admits lack of direct proof of mailing of the notice of deficiency but offers "habit evidence," consisting of the customs and practices, to show that the notice would have been mailed. Further, respondent contends that the notice was mailed to petitioner's last known address within the meaning of section 6212.

Respondent has, in other cases, successfully proven the act of mailing notices of deficiency by offering the Postal Service Form 3877 reflecting receipt into the mail by the Postal Service. In *August v. Commissioner*, 54 T.C. 1535, 1536 (1970), we stated:

It is well settled that the date appearing on the deficiency notice is not proof of the date of its mailing or that the 90-day period for filing a petition with this Court runs from such date. *Southern California Loan Association*, 4 B.T.A. 223, 226 (1926). The critical date is the date the deficiency notice was "mailed," and that date must be established by the respondent. See and compare *Anne M. Evans*, T.C. Memo. 1955-126, affirmed per curiam on another issue 235 F.2d 586 (C.A. 8, 1956); *Tenzer v. Commissioner*, 285 F.2d 956, 958 (C.A. 9, 1960); *Cohen v. United States*, 297 F.2d 760, 772 (C.A. 9, 1962); and *Southern California Loan Association, supra*.

*August v. Commissioner, supra*, presented a factual situation where numbers had been marked on the notice-of-deficiency envelope received by taxpayer August. The numbers marked on the envelope raised the question of whether respondent had mailed the notice of deficiency on the date alleged. To convince this Court that the date reflected on the Postal Service Form 3877 and stamped by the Postal Service was accurate, respondent offered evidence of the customs and practices used during the period

---

[6]See also *Frieling v. Commissioner*, 81 T.C. 42, 51 n. 13 (1983); *Mulvania v. Commissioner*, 81 T.C. 65, 67-68 (1983).

[7]If we decide that respondent is not able to show mailing of the notice of deficiency, it will not be necessary to determine whether respondent was possessed of petitioner's "last known address." Furthermore, if we find that respondent did not meet the requirements of sec. 6212 concerning the mailing of a notice of deficiency to petitioner's "last known address," we will issue an order reflecting that we have no jurisdiction in this case for lack of a proper notice of deficiency.

in question to insure that the information shown on the Form 3877 was accurate and reliable.

Here, respondent has offered evidence of custom and practice, but respondent does not have evidence of mailing or any direct testimony that the notice addressed to petitioner was mailed. This is the first time we have been asked to decide whether respondent may satisfy the mailing requirement of section 6212 by showing the custom, practice, and care usually exercised. Respondent argues, and we agree, that rule 406, Federal Rules of Evidence, permits the introduction of evidence of habit or routine practice. The critical question is whether such evidence will satisfy respondent's burden to show that the notice was mailed.

Respondent argues that "habit evidence is highly persuasive as proof of conduct on a particular occasion," citing *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519 (11th Cir. 1985), and that habit evidence "is superior to character evidence, and is used to show that a person acted in conformity with his habit on a particular occasion," citing *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791 (5th Cir. 1979). In these personal injury cases, the defendants offered evidence of plaintiff's drinking habit and that evidence was considered admissible and probative, to some extent, in the overall consideration of the circumstances under which the injury occurred, but not to prove that plaintiffs were drunk or had been drinking on the day of the injury. We think respondent's reliance on these cases misses the point. Evidence of habit does not prove that something did, in fact, occur at a later or earlier date. The evidence of custom and practice exercised by Laura would have been sufficient to satisfy this Court that the Form 3877 was indeed reliable evidence of mailing, but it is not sufficient by itself to prove that the notice was mailed.

Respondent refers us to two other cases which are similarly not dispositive of the issue that we must consider here. In *Meyer v. United States*, 638 F.2d 155, 158 (10th Cir. 1980) involving a tort claim against a dentist, habit evidence of advice to other patients was admitted to support and corroborate the dentist's claim that he advised plaintiff of potential dangers of molar extraction. Likewise, in *Envirex, Inc. v. Ecological Recovery Associates*, 454 F.

Supp. 1329, 1333 (M.D. Pa. 1978), habit evidence was admitted into evidence to corroborate testimony. In our situation, respondent does not seek to support or corroborate evidence of mailing with "habit evidence" but seeks to prove mailing based upon it.

Finally, respondent puts great emphasis on *United States v. Floulis*, 457 F. Supp. 1350, 1355 (W.D. Pa. 1978). In that case, the District Court found that the Immigration and Naturalization Service's regular procedure of advising aliens of their right to contact their consul was sufficient to find, "in fact, [that the Immigration and Naturalization Service did] notify the Defendant that he could contact his consul." The District Court then lessened the impact and importance of its ruling with the following: "The absence of such notice, however, would not require the dismissal of the Defendant's indictment because such notice would hardly be critical to the fundamental fairness of a hearing for a defendant who was represented by counsel at the deportation hearing."

We agree that "habit evidence" can be admissable under the Federal Rules of Evidence and that such evidence should be afforded appropriate weight and probative value as the circumstances of each case require. In the circumstances and context of this case, we cannot find that the usual customs and practices of respondent permit a finding that, without direct testimony or documentary evidence of mailing, the notice in question was mailed. We are a Court of limited and statutorily created jurisdiction. See sec. 7442; *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 419-420 (1943); *Hintz v. Commissioner*, 712 F.2d 281, 285 (7th Cir. 1983), affg. a Memorandum Opinion of this Court; *Graham v. Commissioner*, 75 T.C. 389, 399 (1980). In the context of this case, the date of mailing the notice of deficiency is of critical importance in the statutory process of determining whether we have jurisdiction over a petitioner's case. The 90- or 150-day period, of section 6213, within which a petitioner must file a petition is measured from the date of mailing the notice of deficiency, as set forth in section 6212. Due to our statutorily limited jurisdiction, we have denied jurisdiction where petitioners have not met the 90- or 150-day requirement. In this setting, we must require

respondent to prove by direct evidence the date and fact of mailing the notice to a taxpayer.[8]

To reflect the foregoing,

> *Respondent's motion to dismiss for lack of jurisdiction will be denied and an order will be issued dismissing this case for lack of jurisdiction due to respondent's failure to issue a proper notice of deficiency.*

---

[8]We are surprised by respondent's practice of destroying Forms 3877 in light of the relatively large number of cases where respondent questions the timeliness of petitions by means of motions to dismiss for lack of jurisdiction. This is especially surprising where the Form 3877 usually represents the only direct evidence of the date of mailing of the notice of deficiency.