T.C. Memo. 2008-175

UNITED STATES TAX COURT

CARLOS SAMANIEGO AND BERTHA E. LUCAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25519-07.                    Filed July 24, 2008.

        Ps altered and thus falsified a notice of
deficiency in order to make it appear that their
petition for redetermination was timely filed with the
Court.
        <u>Held</u>:  R's motion to dismiss for lack of
jurisdiction on the ground that the petition was not
timely filed shall be granted.
        <u>Held</u>, <u>further</u>, the Court shall make its Order To
Show Cause absolute and impose a penalty under I.R.C.
sec. 6673(a)(1), I.R.C., on petitioners for instituting
this action for purposes of delay.


        <u>T. Richard Sealy III</u> and <u>Eric Benson</u>, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:   This case is before the Court on (1) respondent's Motion To Dismiss For Lack Of Jurisdiction, filed December 11, 2007, and (2) the Court's Order To Show Cause, dated May 21, 2008.   In his motion, respondent contends that this case should be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.[1]   In its order, the Court directed petitioners to show cause why the Court should not impose a penalty on them pursuant to section 6673(a)(1) for instituting or maintaining a proceeding in this Court primarily for delay.

At the time that the petition was filed, petitioners resided in the State of Texas.

Background

The facts necessary to a resolution of the two matters before us are as follows:

On July 23, 2007, respondent mailed joint duplicate original notices of deficiency to petitioner Carlos Samaniego and to petitioner Bertha E. Lucas (collectively, petitioners).   In the

---

[1]   All section references are to the Internal Revenue Code of 1986, as amended.   All Rule references are to the Tax Court Rules of Practice and Procedure.

notice respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2004 of $3,435.

The notice was sent to each petitioner by certified mail addressed to each of them at the same address subsequently listed by petitioners on their petition. The U.S. Postal Service has reported that both duplicate original notices of deficiency were delivered at 12:13 p.m. on July 27, 2007.

The first page of the notice of deficiency states as follows: "Last Date to Petition Tax Court: October 22, 2007".

On November 6, 2007, petitioners, acting pro se, filed a petition with this Court seeking a redetermination of the deficiency determined by respondent in the notice of deficiency. The petition, which was handwritten on a Tax Court form, arrived at the Court by regular, first-class mail in an envelope bearing a clearly legible U.S. Postal Service postmark date of October 26, 2007.

The address appearing on the petition is the same address to which the notice of deficiency was sent.

Paragraph 2 of the petition identifies 2004 as the taxable year in issue and references an IRS notice dated "7-28-07" as the notice from which petitioners were appealing. Attached as an exhibit to the petition is a copy of the first page of respondent's July 2007 notice of deficiency. However, the exhibit copy of the notice of deficiency has been altered in two

material respects:  First, the date of the notice has been altered to read July 2_8_, 2007, rather than July 2_3_, 2007; second, the "Last Date to Petition Tax Court" has been altered to read October 2_8_, 2007, rather than October 2_2_, 2007.

As indicated, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on December 11, 2007.[2]  In the motion, respondent contends that dismissal for lack of jurisdiction is required because petitioners failed to file a timely petition.  Further, paragraph 1 of respondent's motion includes the following statements:

> It appears that Petitioners altered and thus falsified the dates of issuance and filing of the Notice of Deficiency letter attached to the Petition.  Thus, it appears that Petitioners knowingly filed a false document with the Court.  Respondent welcomes Petitioners' response to this observation.

On December 12, 2007, the Court issued a Notice Of Filing affording petitioners an opportunity to respond to respondent's motion.  The Notice Of Filing, which was served on petitioners by certified mail, was returned to the Court by the U.S. Postal Service marked "Unclaimed - Return to Sender".  Thereupon, by Order dated January 15, 2008, and served on petitioners by both certified mail and regular, first-class mail, the Court extended

---

[2]  Respondent certified that a copy of his motion was served on petitioners at the address of record on Dec. 10, 2007. Service was made by regular, first-class mail and was not returned undelivered to respondent by the Postal Service.

the time within which petitioners were to respond to respondent's motion.

On February 12, 2008, petitioners filed a generic objection to respondent's motion, saying nothing about either the timeliness matter upon which respondent's motion was premised or the "altered and thus falsified" statements made in paragraph 1 thereof. Petitioners requested that all future service be made on them by both certified mail and regular, first-class mail.

By Order dated February 15, 2008, the Court directed petitioners to file a supplement to their February 12, 2008 Objection setting forth their position regarding the substantial differences between respondent's notice of deficiency and the copy thereof that petitioners attached to their petition as an exhibit.  That Order also provided for service on petitioners by both certified mail and regular, first-class mail.[3]

Petitioners did not respond to the Court's February 15, 2008 Order.

By Order dated March 31, 2008, the Court calendared respondent's motion for hearing on May 21, 2008, in Washington, D.C.  In that Order, petitioners were specifically advised that they could submit, pursuant to Rule 50(c), a written statement in lieu of appearing personally at the hearing.  The Order was

_____

[3]  The copy of the Order that was served by certified mail was returned to the Court undelivered and marked "unclaimed"; however, the other copy was not returned undelivered.

served on petitioners by both certified mail and regular, first-class mail.  Neither copy was returned to the Court undelivered.

By Order dated April 1, 2008, the Court focused on the "altered and thus falsified" statements made by respondent in paragraph 1 of his motion.  Specifically, the Court directed petitioners to respond to the Order and to provide the original notice of deficiency from which they appealed to this Court.  We expressly advised petitioners that their failure to respond might be construed by the Court as an admission by them that they had "altered and thus falsified" the notice of deficiency, as suggested by respondent.  Again, the Order provided for service on petitioners by both certified mail and regular, first-class mail.  Neither copy was returned to the Court undelivered.

Petitioners did not respond to the Court's April 1, 2008 Order.

Petitioners did not appear at the May 21, 2008 hearing in Washington, D.C., nor did they file a written statement pursuant to Rule 50(c).

Immediately after the hearing, the Court issued its Order To Show Cause dated May 21, 2008.  The final three paragraphs of the preamble of that order provide as follows:

> The record in this case clearly demonstrates that respondent sent petitioners a notice of deficiency for 2004 on July 23, 2007, and not on July 28, 2007.  Accordingly, the last day to petition the Tax Court would have been Monday, October 22, 2007, and not October 28, 2007.[1]  An examination of the copy of the

first page of the notice attached as an exhibit to the petition reveals that the July 23, 2007 date has been altered to read July 28, 2007, and that the October 22, 2007 date has been altered to read October 28, 2007.

The petition in this case was received and filed by the Court on November 6, 2007. The envelope in which the petition was mailed to the Court bears a clearly legible United States Postal Service postmark date of October 26, 2007. Thus, it appears that the petition was <u>not</u> timely filed; it also appears that the notice of deficiency was altered in order to make it appear that the petition was timely filed.

As relevant herein, I.R.C. section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. Altering the date of a notice of deficiency and altering the date on such notice by which a petition must be filed serve only one purpose, namely, to make it appear that the petition was timely filed in the hope that the case will proceed. That stratagem, however, is tantamount to instituting or maintaining a proceeding for purposes of delay because a proceeding in this Court serves to defer the date of assessment and collection of the taxpayer's tax liability.

---

[1] If the notice had been dated July 2<u>8</u>, 2007, the last day to petition the Tax Court would have been Friday, Oct. 2<u>6</u>, 2007, and <u>not</u> Oct. 2<u>8</u>, 2007. (We note incidentally that Oct. 28, 2007, was a Sunday.)

As before, the Order To Show Cause provided for service on petitioners by both certified mail and regular, first-class mail. Neither copy was returned to the Court undelivered.

Petitioners did not appear at the show cause hearing on June 18, 2008, in Washington, D.C. However, later that day the Court received from petitioners a brief written statement, which was

filed pursuant to Rule 50(c).  The statement provides in its entirety as follows:

> To the Court:
>
> It was never the intention of the petitioners' [sic] to falsify or alter any documents pursuant to their case; they only wished to be heard.  There never was an intention to file a groundless or frivolous case.
>
> Due to family and travel difficulties, it is impossible for anyone to be present at this hearing.  Mr. Samaniego and Ms. Lucas are Sales Representatives with small children, and cannot attend.  The assumption was that their Petition would be dismissed for non-attendance (original Change of Venue was to El Paso, Texas), and they would deal with their tax bill, accordingly.
>
> No intent was meant to either disrespect nor defraud the Court, in any way.  We apologize for any inconvenience to the Court, and ask that the Court rule on this matter accordingly.  Thank you for your time and consideration.

Petitioners attached to their statement a copy of the Court's May 21, 2008 Order To Show Cause.

Discussion

A.  Respondent's Motion

This Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or

registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  Indeed, if the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial.  See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, has 90 days, or 150 days if the notice is addressed to a person outside the United States, from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the contested deficiency.  Sec. 6213(a).  By virtue of section 7502, a petition that is timely mailed is deemed to be timely filed.

It is clear in the present case that respondent mailed the notice of deficiency to petitioners on July 23, 2007.  See Magazine v. Commissioner, 89 T.C. 321, 327 n.8 (1987) (holding that Postal Service Form 3877, or its equivalent, represents direct evidence of the date of mailing of the notice of deficiency).  Therefore, the 90-day period within which petitioners were required to file their petition with the Court expired on Monday, October 22, 2007.  See sec. 7503 (regarding the time for performance of acts where the last day otherwise

falls on a Saturday, Sunday, or legal holiday).  However, petitioners did not file a petition for redetermination with this Court until November 6, 2007, a date after the expiration of the critical 90-day period.  Moreover, the petition arrived at the Court in an envelope bearing a clearly legible U.S. Postal Service postmark date of October 26, 2007, once again a date after the expiration of the critical 90-day period.  Under these circumstances, respondent contends that the petition was not timely filed and that the Court lacks jurisdiction to redetermine petitioners' liability for the deficiency in tax for the taxable year in issue.

The defense most commonly asserted by taxpayers in cases such as the present one is that a particular notice of deficiency was not mailed to the taxpayer at the taxpayer's last known address and is therefore invalid.  However, this defense has not been raised in the present case, and the record suggests that any such defense would be unavailing given the fact that petitioners had the same address at the time when the notice of deficiency was mailed and when the petition was filed.  Thus, we need not belabor this matter.

In view of the foregoing, we hold that the petition in this case was not timely filed pursuant to either section 6213(a) or section 7502.  We shall therefore grant respondent's motion.

B.  <u>Order To Show Cause</u>

We turn now to the Court's Order To Show Cause dated May 21, 2008.

As petitioners were previously advised, and as relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay.  Altering the date of a notice of deficiency and altering the date on the notice by which a petition must be filed serve only one purpose, namely, to make it appear that the petition was timely filed in the hope that the case will proceed.  That stratagem, however, is tantamount to instituting or maintaining a proceeding for purposes of delay because a proceeding in this Court serves to defer the date of assessment and collection of the taxpayer's tax liability.

Paragraph 1 of respondent's motion clearly sets forth respondent's allegations regarding the alteration and falsification of the July 23, 2007 notice of deficiency. Respondent invited petitioners to respond to those allegations. Petitioners never meaningfully replied.

Further, in our Order dated February 15, 2008, and in our subsequent Order dated April 1, 2008, we focused on respondent's allegations and directed petitioners to address the discrepancies

between respondent's notice of deficiency and the copy thereof that petitioners attached to their petition as an exhibit. Petitioners never responded to either order.

Although petitioners did respond to the Court's May 21, 2008 Order To Show Cause, petitioners' statement did not persuade us that the order should be discharged. Petitioners merely alleged that it was not their "intention" to falsify or alter any document. However, petitioners did not deny the fact that the notice of deficiency had been altered or offer any explanation how that had happened. Further, petitioners did not address the fact that their <u>handwritten</u> petition specifically referenced the altered date, i.e., "7-28-07", as the date of the notice from which they were appealing. Petitioners also did not offer any explanation how a copy of the altered notice came to be attached to their petition as an exhibit. And, to date, petitioners have ignored our April 1, 2008 Order directing them to produce the original notice of deficiency.

Petitioners were given four opportunities to address the situation and explain themselves. To ensure that petitioners had notice, the Court consistently served its orders on petitioners by both certified mail and regular, first-class mail. Thus:

Petitioners essentially ignored our Order dated January 15, 2008, by filing a generic objection to respondent's motion. In that generic objection, petitioners ignored the serious

allegations made by respondent that petitioners had "knowingly filed a false document with the Court."

Petitioners also ignored our Order dated February 15, 2008, and our Order dated April 1, 2008. Indeed, in the latter order we expressly advised petitioners that their failure to respond might be construed by the Court as an admission by them that they had "altered and thus falsified" the July 23, 2007 notice of deficiency.

In their Rule 50(c) statement, petitioners tell us that "they only wished to be heard." An altered notice of deficiency offered petitioners the opportunity, at least if the alterations went undiscovered, to challenge respondent's deficiency determination in court, i.e., to be heard. It would appear that petitioners perceived the risk to this ploy as nothing other than the dismissal of their case for lack of jurisdiction, the consequence of which would be no different than defaulting on the notice of deficiency in the first place.

The integrity of the judicial process demands that we not reward petitioners' stratagem by simply granting respondent's motion and moving on to the next case. Accordingly, we shall make our Order To Show Cause absolute and impose on petitioners a penalty under section 6673(a)(1) of $1,500.

Conclusion

In sum, we shall enter an Order And Order Of Dismissal For Lack Of Jurisdiction: (1) Granting respondent's Motion To Dismiss For Lack Of Jurisdiction, filed December 11, 2007; (2) dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed; (3) making our Order To Show Cause dated May 21, 2008, absolute; (4) imposing a penalty on petitioners under section 6673(a)(1) of $1,500; and (5) providing for service on petitioners by both certified mail and regular, first-class mail.

An appropriate order and order of dismissal for lack of jurisdiction will be entered.