# United States Tax Court

T.C. Summary Opinion 2024-16

MARK F. COBLE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 27760-21S.                    Filed August 12, 2024.

————

*Grace Allison*, for petitioner.

*Steven I. Josephy*, *Gretchen W. Altenburger*, and *Michael T. Garrett*, for respondent.


SUMMARY OPINION

GREAVES, *Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Pending before the Court is respondent's Motion to Dismiss for Lack of Jurisdiction (motion), filed March 28, 2022, and supplemented on September 13, 2022, and July 10, 2023. Therein, respondent requests that this case be dismissed as it relates to tax year 2006 because the petition was filed more than 90 days after respondent mailed the notice of deficiency to petitioner. Respondent further requests that this case be dismissed as it relates to tax years 2007 and 2008 on the ground that

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

he did not issue a notice sufficient to confer jurisdiction on this Court. For the reasons set forth below, we will deny respondent's motion with respect to tax year 2006. We will nevertheless dismiss this case on the ground that the 2006 notice of deficiency is invalid. We will grant respondent's motion with respect to tax years 2007 and 2008.

## *Background*

The following facts are based on the parties' pleadings and motion papers, including attached declarations and exhibits, and, unless otherwise stated, are not disputed. Petitioner resided in New Mexico when he filed his petition with the Court.

Petitioner did not timely file federal tax returns for tax years 2006 through 2008. Pursuant to section 6020(b), respondent prepared a substitute for return (SFR) for petitioner's 2006 tax year. On November 26, 2012, respondent allegedly mailed petitioner a notice of deficiency based on this SFR at 318 1st Avenue S Apartment 401, Seattle, Washington 98104 (1st Avenue address). In the notice of deficiency respondent determined an income tax deficiency of $40,588, a section 6651(a)(1) addition to tax of $1,190, and a section 6651(a)(2) addition to tax of $1,322.[2] Petitioner did not file a petition with this Court within 90 days of the Internal Revenue Service (IRS) allegedly mailing the notice, and respondent assessed the deficiency and additions to tax. Thereafter, respondent issued to petitioner a notice of intent to levy.[3] The notice of intent to levy was returned to the IRS unclaimed, and respondent levied against petitioner's Social Security benefits. On May 3, 2019, petitioner filed a tax return for his 2006 tax year. Respondent processed the return and abated the deficiency for 2006 to the amount listed on petitioner's late filed return.

On January 2, 2020, petitioner filed a tax return for tax year 2007, requesting a refund. On April 6, 2020, petitioner filed a tax return for tax year 2008, requesting a refund. The address listed on petitioner's 2006 through 2008 tax returns is 4736 Via Verde Court, Santa Fe, New Mexico 87507 (Via Verde Court address). Respondent represents that he did not take any action regarding petitioner's income tax liabilities for tax years 2007 and 2008.

---

[2] All dollar amounts are rounded to the nearest dollar.

[3] Respondent did not attach a copy of this notice to his motion.

On August 9, 2021, petitioner filed a petition with this Court,[4] indicating he sought review for tax years 2006, 2007, and 2008. On November 22, 2021, petitioner filed a First Amended Petition. Therein, petitioner indicated that he sought review of a notice of deficiency for tax year 2007. Petitioner referenced his initial petition and continued to make arguments related to tax years 2006, 2007, and 2008. On the basis of his petition and subsequent representations to the Court, we will construe his petition as relating to tax years 2006, 2007, and 2008. *See Gray v. Commissioner,* 138 T.C. 295, 298 (2012) ("All claims in a petition should be broadly construed so as to do substantial justice, and a petition filed by a pro se litigant should be liberally construed.").

On March 28, 2022, respondent filed the motion. Therein, respondent argued that petitioner sought review for only tax year 2007 and respondent did not issue a notice of deficiency to petitioner for that tax year. Respondent further represented that after a diligent search of records, he had not made any other determination that would permit petitioner to invoke the jurisdiction of this Court.

On August 18, 2022, this Court ordered respondent to supplement his motion related to tax years 2006 and 2008. On September 13, 2022, respondent filed a First Supplement to Motion to Dismiss for Lack of Jurisdiction. Respondent attached to his motion a copy of the notice of deficiency for tax year 2006, dated November 26, 2012, which included a U.S. Postal Service (USPS) tracking number and was addressed to petitioner at the 1st Avenue address. Respondent argued that we should dismiss this case with respect to tax year 2006 because petitioner filed his petition after the 90-day deadline provided by section 6213(a). As for tax year 2008, respondent represented that after a diligent search of records, there was no indication that a notice of deficiency for tax year 2008 was sent to petitioner, nor had respondent made any other determination sufficient to confer jurisdiction on this Court. On September 19, 2022, petitioner filed a response to respondent's First Supplement, stating that he did not receive a notice of deficiency for tax year 2006 and that the notice was not mailed to his correct address.

On June 8, 2023, this Court ordered respondent to provide proof of mailing and the basis for determining petitioner's last known address for the 2006 notice of deficiency. On July 10, 2023, respondent filed a Second Supplement to Motion to Dismiss for Lack of Jurisdiction.

---

[4] Although petitioner acted pro se through most of these proceedings, he ultimately retained an attorney who filed an entry of appearance on May 31, 2024.

Respondent did not attach USPS Form 3877, Firm Mailing Book For Accountable Mail, as evidence that he mailed the notice of deficiency to petitioner. Rather, respondent represented that the Form 3877 was sent to the Federal Records Center pursuant to normal procedures and that he did not have sufficient time to request the form. As proof of mailing, respondent attached the Correspondence Examination Automation Support (CEAS) transcript.[5] Respondent indicated that the entry number "24" on the CEAS transcript, dated November 26, 2012, establishes that a notice of deficiency was issued. As additional proof of mailing, respondent relies on the certified mailing number listed on the copy of the notice of deficiency.

As for petitioner's last known address, respondent stated that a NAMES transcript[6] lists petitioner's address at the time the 2006 notice of deficiency was mailed as the 1st Avenue address; however, respondent did not include a copy of the NAMES transcript. The CEAS transcript lists petitioner's address as the Via Verde Court address.

## *Discussion*

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *See* § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Where this Court's jurisdiction is duly challenged, as here, our jurisdiction must be affirmatively shown by the party seeking to invoke that jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975). To meet this burden, the party "must establish affirmatively all facts giving rise to our jurisdiction." *David Dung Le, M.D., Inc.*, 114 T.C. at 270; *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 180 (1960). Petitioner invoked our jurisdiction and therefore bears the burden of establishing jurisdiction.

---

[5] The IRS CEAS system is a web-based application. *See Internal Revenue Manual* (IRM) 4.10.15.1 (Sept. 21, 2018). IRS employees use the CEAS system to assist in examining individual returns, among other purposes. *See Walquist v. Commissioner*, 152 T.C. 61, 63 (2019) (stating that CEAS is a software program to process cases); *Bass v. Commissioner*, T.C. Memo. 2023-41, at *6–7; IRM 4.10.15.2 (Sept. 21, 2018).

[6] IRS employees use the Integrated Data Retrieval System to search for taxpayer name and address information. *See* IRM 2.3.60.2 (Jan. 1, 2016). Command code NAMES, among other tools, allows IRS employees to access the Name Search Facility (NSF), which contains this information. *Id.* NSF is updated daily, but multiple addresses may be listed for a given taxpayer. *Id.*

In a case seeking redetermination of a deficiency, our jurisdiction depends upon the issuance of a valid notice of deficiency and the timely filing of a petition. *See* §§ 6212 and 6213; *Sanders v. Commissioner*, No. 15143-22, 161 T.C., slip op. at 8 (Nov. 2, 2023); *Mulvania v. Commissioner*, 81 T.C. 65, 67 (1983). Generally, a notice of deficiency will be deemed valid if it is properly mailed to the taxpayer's last known address.[7] *See* § 6212; *Yusko v. Commissioner*, 89 T.C. 806, 807 (1987). The other jurisdictional requisite is that the petition be timely filed, that is, within 90 days after the Commissioner mailed the notice of deficiency. *See* § 6213(a); *Sanders*, 161 T.C., slip op. at 8.

The Commissioner must prove "proper mailing of the notice [of deficiency] by competent and persuasive evidence." *See Coleman v. Commissioner*, 94 T.C. 82, 90–91 (1990). The act of proper mailing may be proved by documentary evidence of mailing or by habit evidence of the Commissioner's mailing practices corroborated by testimony that those practices were followed with respect to the notice of deficiency at issue. *See id.* at 90; *Magazine v. Commissioner*, 89 T.C. 321, 324 (1987); *Cataldo v. Commissioner*, 60 T.C. 522, 524 (1973), *aff'd per curiam*, 499 F.2d 550 (2d Cir. 1974). That testimony may be through submitting a sworn statement. *See Hinojos v. Commissioner*, T.C. Memo. 1996-397, slip op. at 4, 6. A Form 3877 represents documentary evidence of the date and fact of mailing and may also stand alone to establish proper mailing. *See Coleman*, 94 T.C. at 90; *Magazine*, 89 T.C. at 324. Exact compliance with the Form 3877 mailing procedures raises a presumption of official regularity that the IRS properly mailed the notice. *See Coleman*, 94 T.C. at 90–91. If he does not produce a complete Form 3877, the Commissioner may nonetheless establish proper mailing through presenting "otherwise sufficient" evidence. *See id.* at 91; *see also Rivas v. Commissioner*, T.C. Memo. 2017-56, at *13 (stating that the presumption of proper mailing does not arise without presenting a "properly completed" Form 3877).

With respect to tax year 2006, it is not disputed that petitioner filed his petition more than 90 days after respondent allegedly mailed the notice of deficiency. However, petitioner argues that the notice of deficiency was not mailed, and if it was, it was not mailed to his last known address. Accordingly, we must dismiss this case as untimely

---

[7] As explained *infra*, the documentation respondent presented does not establish that the notice of deficiency was properly mailed. Therefore, we do not get to the issue of whether the notice of deficiency was not sent to petitioner's last known address.

under section 6213(a), unless we agree with petitioner that the notice was not properly mailed. *See Monge v. Commissioner*, 93 T.C. 22, 27 (1989). If we agree with petitioner, we must dismiss the case on the basis that the notice of deficiency is invalid. *See id.* Regardless of whether petitioner or respondent prevails, we lack jurisdiction to consider this case on its merits. *See McKay v. Commissioner*, 89 T.C. 1063, 1067 (1987), *aff'd*, 886 F.2d 1237 (9th Cir. 1989). However, we have jurisdiction to determine the reason why we do not have jurisdiction. *See Shelton v. Commissioner*, 63 T.C. 193, 194–95 (1974).

Respondent has failed to carry his burden of establishing that the notice of deficiency was properly mailed. Respondent has not presented any testimony regarding the mailing procedures used with respect to this notice of deficiency—such as through submitting an affidavit. Respondent must therefore establish proper mailing through presenting documentary evidence. To that point, respondent has not produced Form 3877 and cannot rely on the presumption of official regularity to establish proper mailing. As a result, respondent must present sufficient other evidence to establish proper mailing. To meet this threshold, respondent merely directs the Court to the tracking number stamped at the top of the notice of deficiency and an entry on the CEAS transcript. This type of documentary evidence falls short of what we have accepted in the past to show proper mailing in situations where the Commissioner does not present a Form 3877. *See Garrett v. Commissioner*, T.C. Memo. 2016-179, at \*13–14 (concluding that the Commissioner established proper mailing by presenting a certified mailing list which referenced the notice of deficiency and the date of its mailing and was also stamped and initialed by the Postmaster); *Powers v. Commissioner*, T.C. Memo. 2009-229, slip op. at 18–24 (finding that when no Form 3877 is presented, the Commissioner cannot establish proper mailing through documentation that does not explicitly reference the notice of deficiency). Because respondent failed to carry his burden to show that the notice of deficiency was properly mailed, we must dismiss this case with respect to tax year 2006.

With respect to tax years 2007 and 2008, petitioner did not attach a notice of deficiency for either year to his petition. In his motion respondent asserts that he has conducted a diligent search of his records to determine whether he had issued a notice of deficiency to petitioner and on the basis of that search has determined that no notice has been issued. Respondent further asserts that on the basis of the foregoing search that he has not issued any other determination that would permit

petitioner to invoke the jurisdiction of this Court. As a result, we must dismiss this case with respect to tax years 2007 and 2008.

With respect to tax year 2006, we will deny respondent's motion; however, we will dismiss this case, sua sponte, on the ground that the 2006 notice of deficiency is invalid. With respect to tax years 2007 and 2008, we will grant respondent's motion.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*