# United States Tax Court

T.C. Memo. 2025-72

DONNA DAVIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10753-24.                           Filed July 10, 2025.

————

*Michael E. Shaff*, for petitioner.

*Parsa Kasmai*, *Sheri A. Wight*, *Christopher S. Burke*, and *Laura J. Mullin*, for respondent.

## MEMORANDUM OPINION

FUNG, *Judge*: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction (Motion), on the grounds that the Petition was not filed within the time prescribed by the Internal Revenue Code under section 6213(a).[1] Finding that the Petition was not timely filed, we conclude that we lack jurisdiction in this case. Accordingly, we will grant the Motion.

## *Background*

We conducted a hearing on the Motion during the Court's Los Angeles, California, trial session. We derive the following facts from that hearing, the pleadings, and the parties' Motion papers, including

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

[*2] attached Declarations. Unless otherwise stated, the facts are not disputed. These facts are stated solely for the purpose of deciding respondent's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioner filed her Petition with this Court using a post office box address in Newport Beach, California (Newport Beach address).

The Internal Revenue Service (IRS or respondent) issued a Notice of Deficiency (Notice) to petitioner for the 2018 tax year. On November 1, 2021, the IRS mailed the Notice to petitioner at her Irvine Avenue, Newport Beach, California, address (Irvine Avenue address). The last day to file a petition with this Court was January 31, 2022. We received petitioner's Petition on June 26, 2024. It was postmarked June 21, 2024.[2]

Petitioner filed her 2019 return on or about April 20, 2020, using her Irvine Avenue address. The IRS received that return on July 15, 2020, and processed it on August 24, 2020. Thereafter, petitioner and the IRS exchanged correspondence related to proposed changes to her 2018 return. During this time petitioner and the IRS used the Irvine Avenue address. During August 2021 petitioner moved to Bishop, California.

On October 15, 2021, petitioner filed her 2020 return using her Irvine Avenue address.[3] On November 1, 2021, the IRS mailed the Notice to petitioner at the Irvine Avenue address. On November 8, 2021, the IRS processed petitioner's 2020 return, which listed the Irvine Avenue address. In January 2024 the IRS sent petitioner a balance due reminder for her account to her Newport Beach address. Thereafter, petitioner submitted a request under the Freedom of Information Act, and on May 15, 2024, she received the Notice in response to her request.

On September 10, 2024, respondent filed his Motion which included a facsimile copy of U.S. Postal Service (USPS) Form 3877, Firm Mailing Book For Accountable Mail, signed by a USPS employee, showing the certified mailing number for the Notice sent to petitioner with a postmark date stamp of November 1, 2021.

---

[2] Using the June 21, 2024, postmark mailing date, we deem the Petition mailed 872 days after the last day to file a petition with this Court.

[3] Petitioner signed her 2020 return electronically on October 14, 2021.

**[*3]**    In her filings petitioner contended that the IRS did not properly send the Notice to her last known address because she had notified the IRS of her change of address before the Notice's mailing date. She also noted that respondent's emphasis on Revenue Procedure 2010-16, 2010-19 I.R.B. 664, may be subject to limited deference considering the Supreme Court's opinion in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024).[4] Petitioner also filed a Motion to Take Judicial Notice of the IRS's delays in processing paper mail during 2020 and 2021, specifically at the time that petitioner alleges that she informed the IRS of her change of address.[5]

## *Discussion*

### I.    *Tax Court Jurisdiction*

We are a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *See* I.R.C. § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). In a case seeking redetermination of a deficiency, our jurisdiction depends upon the issuance of a valid Notice of Deficiency and the timely filing of a petition. *See* I.R.C. §§ 6212 and 6213; *Sanders v. Commissioner*, 161 T.C. 112, 119–20 (2023); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 130 & n.4, 138–39 (2022); *Mulvania v. Commissioner*, 81 T.C. 65, 67 (1983); *see also Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092 (9th Cir. 2020).

Generally, a Notice of Deficiency will be deemed valid if it is mailed to the taxpayer's last known address. *See* I.R.C. § 6212(a) and (b); *Yusko v. Commissioner*, 89 T.C. 806, 807 (1987); *Frieling v. Commissioner*, 81 T.C. 42, 52 (1983). A petition will be deemed timely (for taxpayers residing in the United States) if it is filed within 90 days (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) after the date on which the Commissioner mails a valid Notice of Deficiency. *See* I.R.C. § 6213(a); *Sanders*, 161 T.C. at 119–20 (holding that the Court will continue treating the deficiency deadline as jurisdictional in cases appealable to jurisdictions outside the

---

[4] Because our decision in this case does not rely on Revenue Procedure 2010-16, we need not discuss the deference afforded to the IRS.

[5] The record does not indicate that petitioner sent any change-of-address correspondence to the IRS before the Notice was mailed. Therefore, we will deny without prejudice petitioner's Motion to Take Judicial Notice, filed on February 16, 2025, of the IRS's delays in processing paper mail during 2020 and 2021.

[*4] U.S. Court of Appeals for the Third Circuit); *Estate of Cerrito v. Commissioner*, 73 T.C. 896, 898 (1980).

Where this Court's jurisdiction is duly challenged, our jurisdiction must be affirmatively shown by the party seeking to invoke that jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975); *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 180 (1960). To meet this burden, the party "must establish affirmatively all facts giving rise to our jurisdiction." *David Dung Le, M.D., Inc.*, 114 T.C. at 270.

A.      *Mailing of the Notice*

The Commissioner must prove "proper mailing of the notice [of deficiency] by competent and persuasive evidence." *See Coleman v. Commissioner*, 94 T.C. 82, 90–91 (1990). The act of proper mailing may be proved by documentary evidence of mailing or by habit evidence of the Commissioner's mailing practices corroborated by testimony that those practices were followed with respect to the Notice of Deficiency at issue. *See id.* at 90; *Magazine v. Commissioner*, 89 T.C. 321, 324 (1987); *Cataldo v. Commissioner*, 60 T.C. 522, 524 (1973), *aff'd per curiam*, 499 F.2d 550 (2d Cir. 1974).

Section 6212(b) does not require that the Commissioner prove delivery or actual receipt of the Notice. *Monge v. Commissioner*, 93 T.C. 22, 33 (1989). "If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial." *Bobbs v. Commissioner*, T.C. Memo. 2005-272, 2005 WL 3157919, at *2; *see Gyorgy v. Commissioner*, 779 F.3d 466, 473 (7th Cir. 2015); *Yusko*, 89 T.C. at 810. "A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's 'last known address.'" *King v. Commissioner*, 857 F.2d 676, 679 (9th Cir. 1988), *aff'g* 88 T.C. 1042 (1987); *see* I.R.C. § 6212(b)(1); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984).

A USPS Form 3877 represents documentary evidence of the date and fact of mailing and may also stand alone to establish proper mailing. *See Coleman*, 94 T.C. at 90–91; *Magazine*, 89 T.C. at 324. Exact compliance with the USPS Form 3877 mailing procedures raises a presumption of official regularity that the IRS properly mailed the notice. *See Coleman*, 94 T.C. at 90–91; *see also Rivas v. Commissioner*,

**[\*5]** T.C. Memo. 2017-56, at \*13 (stating that the presumption of proper mailing does not arise without presenting a "properly completed" USPS Form 3877); *Garrett v. Commissioner*, T.C. Memo. 2016-179, at \*13–14 (concluding that the Commissioner established proper mailing by presenting a certified mailing list which referenced the Notice of Deficiency and the date of its mailing and was also stamped and initialed by the Postmaster). USPS Forms 3877 are "highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." *Zolla*, 724 F.2d at 810. The record establishes that respondent properly mailed the Notice via certified mail to petitioner at the address shown on USPS Form 3877, which was the Irvine Avenue address.

### B.    *Last Known Address Determination*

The crucial question here is whether petitioner's last known address was the Irvine Avenue address. Generally, "a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the [IRS] is given clear and concise notification of a different address." Treas. Reg. § 301.6212-2(a); *King v. Commissioner*, 857 F.2d at 680. Respondent contends that the relevant return is the 2019 return. The taxpayer has the burden of proving that the Notice of Deficiency was not sent to the last known address. *See Yusko*, 89 T.C. at 808.

> Absent "clear and concise notification" from the taxpayer directing [the Commissioner] to use a different address, [the Commissioner] is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once [the Commissioner] becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address.

*Frieling*, 81 T.C. at 49.

At her hearing and as detailed in her filings, petitioner provided additional information regarding her attempts to have the IRS change her address in its records. Petitioner maintains that she attempted to change her address via the USPS in June 2021. In her declaration dated October 28, 2024, petitioner stated that she rented a USPS post office box on June 25, 2021, in Bishop, and she was required to complete a

**[\*6]** change-of-address form and file it with the Bishop Post Office. We are not convinced that this occurred. We have previously explained that "the Court requires a taxpayer to come forward with evidence documenting that [s]he submitted the change-of-address form." *Phillips v. Commissioner*, T.C. Memo. 2024-44, at \*8; *see, e.g., Gyorgy v. Commissioner*, 779 F.3d at 477 (rejecting a taxpayer's testimony that he submitted a change-of-address form each time he moved because he failed to provide documentation); *Taylor v. Commissioner*, T.C. Memo. 2016-81 (rejecting a taxpayer's testimony that he submitted a change-of-address form to the USPS when he failed to produce evidence to corroborate his testimony or establish a date on which he submitted the form).

The evidence that petitioner has offered is not convincing. She provided neither any documentation to show the date she submitted a change-of-address form nor any corroborating testimony. Though she mentioned that a Bishop Post Office employee would confirm that petitioner rented a post office box, petitioner did not submit an affidavit or similar declaration from that employee confirming a submitted change-of-address form.

Petitioner maintains that she also attempted to change her address directly with the IRS in September or October 2021. In her declaration dated September 30, 2024, petitioner affirms that "[o]n several occasions in September 2021 and October 2021 [she] advised the IRS agent that [she] had moved to Bishop, California." However, during her hearing she testified that she tried to call the IRS after she received Letter 2626C, dated August 20, 2021, but she "couldn't get through the automated system, so . . . it's easier to just write a letter and send them all the documentation that I had sent to the State of California, which I did." We conclude that, while petitioner was well-intentioned, she did not communicate with anyone at the IRS by telephone during this time because she was unable to reach anyone on the telephone.

Petitioner further argues that she informed the IRS of her change of address when she drafted a letter to the IRS on or about September 21, 2021. Petitioner provided the Court with a copy of her letter. It includes the following statement: "Also, I just recently moved!! Please update my mailing address: Donna Davis, PO Box1646 [sic], Bishop, CA 93515." The copy of the letter provided to the Court is not dated, and petitioner did not provide any proof of mailing to the IRS because "it never occurred to [her] to send it certified mail." The Court believes that petitioner drafted the letter; however, petitioner did not provide any

[*7] proof of mailing or receipt of confirmation by the IRS. If she sent the letter, it is unlikely that the IRS received it before the Notice's mailing date. Furthermore, petitioner's photo of her computer screen showing the letter's last modified date is not sufficient evidence to show that she mailed the letter to the IRS.

Respondent also presented Integrated Data Retrieval System transcript records. Those records show that the addresses used on petitioner's returns reflect that the address on her last return (which was the 2019 return) before the preparing and mailing of the Notice was consistent with the address respondent used on the Notice. Further, at the hearing, petitioner said she was aware that the Irvine Avenue address was listed on her 2020 return, but she did not change the address. The transcripts also reflect that petitioner's address was not changed to the Bishop mailing address until 2022.

Therefore, given the information available to the IRS at the time, the IRS properly used the Irvine Avenue address listed on petitioner's 2019 return (the most recently filed and processed return) as the last known address for mailing the Notice. *See Gyorgy v. Commissioner*, 779 F.3d at 477 ("[T]he last-known-address inquiry focuses on the information the IRS possessed at the time of mailing."). We agree that respondent has established that the Notice was properly sent to petitioner's last known address. Here, the combination of USPS Form 3877, the absence of persuasive evidence as to the notification of an address change, and the transcript records support respondent's position.

II.    *Conclusion*

The Court is sympathetic to petitioner's situation; however, on the basis of the record, the Court lacks jurisdiction in this case to redetermine respondent's determination. Congress has granted the Tax Court no authority to afford any remedy in the circumstances evidenced by the proceeding before us, regardless of petitioner's inadvertence and attempts. Taxpayers who miss their opportunity to petition this Court for a redetermination under section 6213(a) may attempt to seek other avenues to contest their liability. *See Gyorgy v. Commissioner*, 779 F.3d at 474.

Because petitioner failed to file her Petition within 90 days of the IRS's mailing the Notice, her Petition is untimely, and we will dismiss

**[*8]** this case for lack of jurisdiction. Accordingly, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*